**Irvin J. NOWLIN et al., Plaintiffs,**

**v.**

**Leslie O. PRUITT, Individually and in his capacity as Sheriff of Lake County, et al., Defendants.**

**No. 72 H 326.**

United States District Court,
N. D. Indiana,
Hammond Division.

Feb. 6, 1974.

Ivan E. Bodensteiner, Valparaiso, Ind., Seymour Moskowitz, Gary, Ind., for plaintiffs.

Nick Senak, Gary, Ind., for defendants.

---

## MEMORANDUM OPINION
## AND ORDER

SHARP, District Judge.

A hearing was held in open court in the above-captioned cause on January 18, 1974. Oral argument was held on all pending motions and the parties were given an additional period of time to supplement their arguments with additional briefs.

In this case, the plaintiffs make broad and sweeping allegations of discriminatory employment practices by certain appointed and elected officials of Lake County, Indiana. The plaintiffs, in a class action under Rule 23, Federal Rules of Civil Procedure, assert that these practices violate Sections 1981 and 1983 of Title 42 of the United States Code. The amended complaint of the plaintiffs is challenged by all of the defendants by a motion to dismiss ostensibly under Rule 12 of the Federal Rules of Civil Procedure. There can be no doubt that in this particular context the plaintiffs are entitled to the benefit of every doubt in regard to the sufficiency of their complaint to withstand a motion to dismiss. In considering this motion to dismiss, the court must attempt to apply, in an even-handed and fair manner, some well established concepts of civil procedure. It is elementary that each of the defendants are entitled to be put on notice by the complaint of the general nature of the charge made against them. In this case, the complaint involves a charge of racial discrimination violative of the Federal Civil Rights Act and of rights guaranteed under the Constitution of the United States. The basic charge leveled in broad strokes against all of the defendant public officials of Lake County, Indiana is based on a statistical inference.

Plaintiffs allege that, according to the 1970 census figures, the Black population of Lake County, Indiana is 112,127 or 20.5% of the total population. The complaint also alleges that 6.5% of the total population bears Spanish surnames. Therefore, these two groups, assuming that they are mutually exclusive, an assumption that has not been challenged, comprise 27% of the total population. Next, the plaintiffs allege that the percentage of the class consisting of the two above mentioned minority groups who are employed in some 15 named county offices is from 0.0% to 16.7%. These last figures would indicate that the percentage of the class employed by Lake County is substantially less than the 27% of the total population which they number.

### Determination of Class

Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, a district court must make a decision as to the class involved in a Rule 23 class action before the court turns to the merits. On September 10, 1973 plaintiffs filed a Motion to Determine Class. Plaintiffs' Motion incorporated the class as defined in the amended complaint:

"Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. The members of the class represented by the named plaintiffs are all Black and Spanish surnamed residents of Lake County, Indiana, who a) have applied or will apply in the future for employment in the offices of the defendants, b) would have applied for employment in the offices of the defendants except for their belief that equal employment opportunity was denied Blacks and Spanish surnamed individuals in these offices, and c) are currently employed in the offices of the defendants but are denied equal advancement opportunities because of their race. There are common questions of law and fact affecting the rights of plaintiffs and members of the class they represent and common relief is sought by all. Members of the class are so numerous as to make joinder of all members impossible and impracticable. The interests of the class will

be adequately represented by the named plaintiffs."

A class consisting of all affected or to be affected Black residents of a particular area is a classic Rule 23 class in civil rights litigation. However, it is quite another thing to rely on a certain type surname to determine a class characteristic. Since employment discrimination class action cases must necessarily be based on discrimination due to a particular characteristic, either Black skin or a Spanish surname would be indicative of proper members of the class in this instance. The Supreme Court of the United States has addressed itself to this type of classification in Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1953). In *Hernandez*, id. 347 U.S. at 480, 74 S.Ct. at 672, 98 L.Ed. at 871, n. 12, the court noted:

"However, just as persons of a different race are distinguished by color, these Spanish names provide ready identification of the members of this class."

The court finds that the class, as stated above is proper and the court hereby grants plaintiffs' Motion to Determine Class.

### Statistical Evidence

The use of statistical evidence to support a claim of employment discrimination based on class characteristics is not novel. Statistics have been used as evidence of racial discrimination in Thomas v. Pate, 493 F.2d 151 (7th Cir. 1974). A statistical disparity, as in the case at bar, was used to establish a prima facie case of employment discrimination in Fowler v. Schwarzwalder, 351 F.Supp. 721 (D.C.Minn. 1972). Another recent case involved the use of statistics to show that Blacks and Hispanics were discriminated against by a fireman's employment examination in New York. Vulcan Society of the N. Y. C. Fire Dept., Inc. v. Civil Ser. Com'n, 360 F.Supp. 1265 (S.D.N.Y.1973). In that instance, the court stated that a

disparity of 2.3 to 1 (white to minority) who passed the test made a prima facie case of discrimination. The court in *Vulcan*, id., noted on p. 1270, n. 14, that:

"Research has failed to reveal any decision which has held that disparities of the magnitude present in the instant action are insufficient to make out a prima facie case, while several courts have predicated findings of de facto racial discriminations on roughly similar statistical patterns." (Citations omitted)

This court finds that the plaintiffs have made out a prima facie case of employment discrimination by showing that a significant statistical disparity exists between the number of Black and Spanish surnamed people in the community and the number who are employed by Lake County. The defendants' Motion to Dismiss is therefore denied.

### Judicial Immunity

Some defendants have raised the issue of judicial immunity as it applies to themselves. Since any claim for money damages has been deleted, only demands for declaratory and injunctive relief remain.

The Seventh Circuit has addressed the issue of judicial immunity in a civil rights context in Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972). *Littleton*, id., discussed judicial immunity as it applies to public officials when injunctive relief was asked to enjoin the officials from applying criminal laws so as to discriminate against the plaintiffs' class. The court stated that judges, judicial officers, and quasi-judicial officers may be enjoined when class discrimination is alleged. (18 U.S.C., sections 241 and 242; 42 U.S.C., sections 1981 and 1983; *Littleton*, supra, at 395.)

In January of this year, the decision was handed down in O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). The Supreme Court of the United States in a 6-3 decision indicated the necessity and desirability of carefully delineating and limiting cases

**124**

involving alleged discrimination under the Federal Civil Rights Act which are directed against local officials. To be sure the case decided by Mr. Justice White involved a somewhat more classical view of judicial immunity. However, the reasoning and result in that case should be carefully considered in civil rights actions against local officials some of whom are a part of the judiciary or exercise judicial functions. That recent case is also an object lesson in the limitation of federal judicial power.

Since it is without question that some of the defendants here are members of the State Judiciary or perform judicial functions as defined by the law of Indiana, and since the above cited decision of the Supreme Court of the United States in the area of judicial immunity represents the most recent in a hundred year line of cases on the subject the plaintiffs should carefully delineate a path around such well established concept.