526 F.2d 64
 11 Fair Empl.Prac.Cas. 917,
10 Empl. Prac. Dec. P 10,526
Warner B. JACKSON, Plaintiff-Appellant,
v.
Michael S. DUKAKIS et al., Defendants-Appellees.
 No. 75--1251.
 United States Court of Appeals,
First Circuit.
 Argued Oct. 8, 1975.
Decided Dec. 1, 1975.
 
 Gershon M. Ratner, Boston, Mass., with whom Robert L. James, Roxbury, was on brief, for appellant.
 J. Joseph Maloney, with whom Daniel D. Gallagher and Maloney, Gallagher & Kirk, Boston, Mass., were on brief for Massachusetts Turnpike Authority, appellee.
 William A. Schroeder, Asst. Atty. Gen., with whom Francis X. Bellotti, Atty. Gen., was on brief, for Commonwealth defendants-appellees.
 Herbert D. Friedman, Boston, Mass., with whom Morris M. Goldings and Mahoney, Hawkes & Goldings, Boston, Mass., were on brief, for Board of Trustees of State Colleges, appellee.
 John W. Arata, Atty., Washington, D.C., with whom Neil L. Lynch, Chief Legal Counsel, Boston, Mass., was on brief, for Massachusetts Port Authority, appellee.
 Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.
 McENTEE, Circuit Judge.
 
 
 1
 This appeal arises from a class action brought by appellant and two other plaintiffs against the governor of Massachusetts and the heads of sixteen state agencies. Jackson v. Sargent, 394 F.Supp. 162 (1975). The three plaintiffs below sought injunctive and declaratory relief to redress injuries claimed to be suffered by themselves and others similarly situated as a result of alleged racially discriminatory hiring practices of the defendants' state agencies in the city of Boston. The discrimination claim is based essentially on certain statistics proffered by plaintiffs which if true indicate an underrepresentation of minority persons employed in the defendants' state agencies in Boston as compared to Boston's minority population as a whole. Id. at 170--72. Plaintiffs claim this underrepresentation establishes a prima facie case of racial discrimination in contravention of the Equal Protection Clause and 42 U.S.C. §§ 1981 and 1983 (1970). In addition plaintiffs claim that the defendants historically had, and have continued to engage in discriminatory hiring and employment practices which serve to perpetuate the effects of past racial discrimination. The district court dismissed plaintiff-appellant Jackson from the action for lack of standing.[1] We affirm.
 
 
 2
 Appellant Jackson is a black resident of Boston. He is an honorably discharged veteran of the United States Navy who has completed high school and has more than one year of college credit. Jackson has been employed in the past as a job developer, job recruiter, youth counselor and office administrator. He claims to be qualified for similar positions in the various defendants' agencies. However, Jackson has never applied for employment with any of these agencies. He states he has not applied because he does not want to subject himself to the racial discrimination allegedly practiced by these agencies. Appellant Jackson avers he would seek a job with the defendants' agencies if their discriminatory practices were enjoined. The district court held that since Jackson 'failed to perform even (the) miniscule act' of applying for a job with one or more of the defendants' agencies, he was unable to establish any causal link between his injuries and the employment discrimination allegedly practiced by the defendants. Jackson v. Sargent, supra at 169.
 
 
 3
 A plaintiff to have standing to sue must have 'a personal stake in the outcome of the controversy.' Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). His allegations must indicate, first, 'that the challenged action has caused him injury in fact, economic or otherwise' and, second, that 'the interest sought to be protected . . . is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.' Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 152-53, 90 S.Ct. 827, 829-830, 25 L.Ed.2d 184 (1970). See H. Hart & H. Wechsler, The Federal Courts and the Federal System, 152-56 (2d ed. 1973). Our inquiry is focused on the first of these requirements since, as the district court correctly held and appellees concede, appellant Jackson satisfies the second. A review of the record indicates that appellant fails to satisfy the first requirement.
 
 
 4
 Jackson claims to have suffered economic and psychological injury due to the defendants' actions. But in light of appellant's failure even to apply for a job with defendants' agencies this claim cannot avail. Although the categories of judicially cognizable injury have been broadened to include noneconomic injuries, see Association of Data Processing Service Organizations, Inc. v. Camp, supra at 154, 90 S.Ct. 827; Sierra Club v. Morton, 405 U.S. 727, 738, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); cf. Brown v. Board of Education, 347 U.S. 483, 494 (1954), the Supreme Court has recently 'stressed that the broadening of categories 'is a different matter from abandoning the requirement that the party seeking review must himself have suffered an injury." Schlesinger v. Reservists to Stop the War,418 U.S. 208, 218--19, 94 S.Ct. 2925, 2931, 41 L.Ed.2d 706 (1974).
 
 
 5
 Appellant seeks to rescue his claim by pointing to the Court's approval of the statement that 'an identifiable trifle is enough for standing to fight out a question of principle.' United States v. SCRAP, 412 U.S. 669, 689, n. 14, 93 S.Ct. 2405, 2417, 37 L.Ed.2d 254 (1973). However, by failing to apply to any of the agencies appellant made it impossible for the district court to establish except by conjecture any connection between the claimed injuries and the allegedly discriminatory acts. Even where the injury or threat of injury is 'trifling,' it nevertheless 'must be both 'real and immediate,' not 'conjectural' or 'hypothetical." O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).
 
 
 6
 Further, appellant claims he has standing to challenge defendants' recruitment practices which deter him from applying. But framing the challenge in this way does not appreciably aid appellant in showing that he has been directly injured in fact. While the Supreme Court has afforded individuals who had not yet been identifiably injured by the government practice standing to contest the constitutionality of governmentally sanctioned or imposed organizational membership requirements or employment practices, see Law Students Civil Rights Research Council, Inc. v. Wadmond, 401 U.S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971), cf. Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967), it has done so because of a concern about the possible 'deterrent, or 'chilling,' effect of governmental' actions. Laird v. Tatum, 408 U.S. 1, 11, 92 S.Ct. 2318, 2324, 33 L.Ed.2d 154 (1972). See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 167--68, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).[2] Appellant has alleged no effects from defendants' practices which involve the chilling of any fundamental rights.
 
 
 7
 In a further effort to salvage standing, appellant contends that the 'gist' of his claim is that the defendants' allegedly discriminatory practices prevent him from completing the application process. However, this claim cannot avail. In Moose Lodge No. 107 v. Irvis, supra, where the black guest of a lodge member was denied service, the Supreme Court granted the guest standing to contest the policies toward members' guests, 407 U.S. at 166, 92 S.Ct. 1965, but denied him standing to challenge the Lodge's allegedly discriminatory membership practices because he 'was not injured by (the) membership policy since he never sought to become a member.' Id. at 167, 92 S.Ct. at 1968. Appellant Jackson has never sought to apply to the defendants' agencies. While it is possible that he would be subjected to discriminatory action should he apply, until he does so his potential injury is no more immediate or real than that of any other concerned citizen. A 'plaintiff still must allege (that there is) a distinct and palpable injury to himself . . .,' Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), 'not that he can imagine circumstances in which he could be affected by the agency's action.' United States v. SCRAP, supra 412 U.S. at 689, 93 S.Ct. 2405, 2416.
 
 
 8
 Appellant further contends that he should be granted standing despite a failure to apply to defendants' agencies, because class action suits in the sphere of employment discrimination inevitably involve persons who have not applied for jobs. But careful scrutiny reveals there is little substance to this claim.[3] While courts have permitted a named plaintiff to represent persons who 'would have applied for employment in the offices of the defendants except for their belief that equal employment opportunity was denied . . .,' Nowlin v. Pruitt, 62 F.R.D. 121, 122 (D.C., 1974), generally the named plaintiffs representing the class are already applicants or employees, see, e.g., Young v. Edgcomb Steel Co., 363 F.Supp. 961, 967 (M.D.N.C.1973), modified, 499 F.2d 97 (4th Cir. 1974); Arey v. Providence Hospital, 55 F.R.D. 62, 64--65 (D.C., 1972); Penn v. Stumpf, 308 F.Supp. 1238, 1239 & n. 1 (N.D.Cal.1970); see also Castro v. Beecher, 459 F.2d 725, 732 n. 8 (1st Cir. 1972).[4] Further, the fact that a court may grant affirmative relief in a class action which extends to persons who have not previously applied, see, e.g., Boston Chapter, NAACP v. Beecher, 371 F.Supp. 507, 519 (D.Mass.), aff'd, 504 F.2d 1017 (1st Cir. 1974), cert. denied, 421 U.S. 910, 95 S.Ct. 1561, 43 L.Ed.2d 775 (1975) does not imply, as appellant contends, that such non-applicants are thereby entitled to standing. 'The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action'.' Warth v. Seldin, supra at 2205, 95 S.Ct. at 2205.
 
 
 9
 Affirmed.
 
 
 
 [1]
 The court also dismissed defendants representing seven of the agencies from the suit and limited the number of agencies which the other plaintiffs would be entitled to sue. Jackson v. Sargent, supra at 173
 
 
 [2]
 And even under '(t)his exception to the usual rules governing standing,' there must be 'more than 'allegations of a subjective chill.' There must be a 'claim of specific present objective harm or a threat of a specific future harm." Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975) (citations) omitted)
 
 
 [3]
 Appellant also claims that the district court's decision denying him standing amounted to an improper conclusive presumption that a person could not be injured by employment discrimination unless he had applied for a job. We are unable to agree with this contention. The irrebuttable presumption doctrine has never been applied to judicial decisions. See Cleveland Bd. of Education v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); United States Dep't of Agriculture v. Murry, 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973); Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); Stanley v. Illinois, 405 U.S. 645 (1972); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). Further, the district court specifically acknowledged that it was 'willing to recognize psychological injury . . . as a cognizable injury upon which a plaintiff may base his standing to sue.' Jackson v. Sargent, supra, 394 F.Supp. at 168. But the court correctly denied appellant standing for want of a showing of any causal connection between his alleged injuries and the defendants' actions. Id. at 169. See discussion supra, and O'Shea v. Littleton, supra, 414 U.S. at 494, 94 S.Ct. 669
 
 
 [4]
 Although there are class actions in which non-applicants have been among the named plaintiffs, the circumstances of class certification were such that these cases do not appear to contravene the general pattern. See Carter v. Gallagher, 452 F.2d 315, 317 (8th Cir. 1971), cert. denied, 406 U.S. 950, 92 S.Ct. 2045, 32 L.Ed.2d 338 (1972) ('No challenge to class representation' where class included both applicants and non-applicants to fire department); Arnold v. Ballard, 390 F.Supp. 723, 725 (D.C., 1975) (three of eight named plaintiffs were applicants to police department; 'grievances (of other five did) not relate to Police . . . entrance requirements')