**Irving J. NOWLIN et al., Individually and on behalf of all other persons similarly situated, Plaintiffs,**

v.

**Leslie O. PRUITT, Individually and in his capacity as Sheriff of Lake County, et al., Defendants.**

**Civ. No. 72 H 326.**

United States District Court,
N. D. Indiana,
Hammond Division.

Aug. 2, 1976.

Ivan E. Bodensteiner, Seymour Moskowitz, Project Justice & Equality, Valparaiso, Ind., for plaintiffs.

Nick Senak and Joseph Skozen, Munster, Ind., Lorenzo Arrendondo, East Chicago, Ind., for defendants.

## CONSENT DECREE

ALLEN SHARP, District Judge.

Plaintiffs by counsel and defendants Martin Behnke, W. Atterson Spann and Stanley Oeszewski, Lake County Commissioners, Joseph Kotso, member of the Lake County Board of Voter Registration, Robert Gurnham, Director of the Lake County Plan Commission, Nick Krochta, Lake County Court Clerk, Jose Arredondo, Lake County Auditor, Peter Stecy, Lake County Health Commissioner, George Vlahos, Superintendent of the Lake County Home, Walter Hoshaw, Supervisor of the Lake County Highway Department, Nick Angel, Lake County Treasurer, and Steve W. Manich, Lake County Surveyor, by counsel, having agreed to the entry of this Decree, it is hereby ordered, adjudged and decreed:

1. This Court has jurisdiction of this matter.

2. This is a proper class action as determined by this Court in its Order of February 6, 1974 [62 F.R.D. 121, 122–23 (N.D.Ind. 1974)].

3. Because of the racially discriminatory effect of the past employment practices of the defendant County Departments evidenced by the following statistics, plaintiffs and members of the class are entitled to affirmative relief.

a. As of March 26, 1973 (the date of filing of plaintiffs' Amended Complaint) the Board of Commissioners of Lake County had forty-six (46) employees, five (5) of whom are black and none were Spanish surnamed. As of August 7, 1975, the Board of Commissioners had twenty-two (22) employees, six (6) of whom are black and none are Spanish surnamed.

b. As of March 26, 1973, the Lake County Board of Voter Registration had sixteen (16) employees, one (1) of whom is black and none were Spanish surnamed. As of August 7, 1975, the Board of Voter Registration had thirty-one (31) employees, three (3) of whom are black and none are Spanish surnamed.

c. As of March 26, 1973, the Lake County Plan Commission had twenty-nine (29) employees, all of whom are white. As of August 7, 1975, the Plan Commission had twenty-one (21) employees, one (1) of whom is black and none are Spanish surnamed.

d. As of March 26, 1973, the Lake County Court Clerk had sixty-three (63) employees, eight (8) of whom are black and three (3) of whom are Spanish surnamed. On August 7, 1975, the Clerk had seventy (70) employees, fourteen (14) of whom are black and three (3) of whom are Spanish surnamed.

e. As of March 26, 1973, the Lake County Auditor had sixty (60) employees, four (4) of whom are black and six (6) of whom are Spanish surnamed. On August 7, 1975, the Auditor had sixty-five (65) employees, five (5) of whom are black and six (6) of whom are Spanish surnamed.

f. As of March 26, 1973, the Lake County Health Commissioner had forty (40) employees, all of them are white. On August 7, 1975, the Health Commissioner had thirty-two (32) employees, one (1) of whom is black and one (1) of whom is Spanish surnamed.

g. On March 26, 1973, the Lake County Home had forty (40) employees, three (3) of whom are black and two (2) of

whom are Spanish surnamed. On August 7, 1975, the Home had forty-one (41) employees, ten (10) of whom are black and two (2) of whom are Spanish surnamed.

h. On March 26, 1973, the Lake County Highway Department had ninety-five (95) employees, twelve (12) of whom are black and none were Spanish surnamed. As of October 29, 1974, the Highway Department had seventy-four (74) employees, nine (9) of whom are black and two (2) of whom are Spanish surnamed.

i. On March 26, 1973, the Lake County Treasurer had sixty-two (62) employees, six (6) of whom are black and two (2) of whom are Spanish surnamed. As of this date, the Treasurer has fifty-five (55) employees, five (5) of whom are black and three (3) of whom are Spanish surnamed.

j. On March 26, 1973, the Lake County Surveyor had twenty (20) employees, one (1) of whom is black and none were Spanish surnamed. As of this date, the Surveyor has nineteen (19) employees, two (2) of whom are black and two (2) of whom are Spanish surnamed.

4. The attached "pre-Determination Settlements" negotiated by the United States Equal Employment Opportunity Commission, as they apply to the above-named persons and departments, are hereby incorporated as a permanent injunction of this Court and the said defendants, their agents, employees, and successors in office are hereby permanently enjoined from failing to comply with the terms of the attached "Pre-Determination Settlements." See Exhibit A covering defendants Behnke, Spahn, Oeszewski, Kotso, Gurnham, Krochta, Arredondo, Stecy, Vlahos and Hoshaw, Exhibit B covering defendant Angel, and Exhibit C covering defendant Manich.

As outlined in the attached Exhibit A, each of the defendants named therein shall hire qualified minorities, as vacancies exist, according to the following goals, time-tables and ratios:

Departments with:

| | |
|---|---|
| Less than 10% black | Hire two (2) blacks for every non-minority hired. |
| 10.1% to 20% black | Hire one (1) black for every one (1) non-minority hired. |
| Less than 3% Spanish Surnamed Americans | Hire two (2) Spanish Surnamed Americans for every one (1) non-minority hired. |
| 3.1% to 6% Spanish Surnamed Americans | Hire one (1) Spanish Surnamed American for every one (1) non-minority hired. |

5. In the event any defendant finds it impossible to hire minorities in accordance with the ratios set out in the preceding paragraph, they can apply to the court for a modification of this decree. Any such request for modification must be in writing, served on counsel for the plaintiffs and will not be ruled upon until the plaintiffs have an opportunity to respond.

6. Hiring at these ratios shall continue until the minority participation in the work force of each county department is proportional to the minority population of Lake County. Once this proportional equality is reached, hiring of qualified minorities shall continue in sufficient numbers so as to maintain the equality.

7. Copies of all reports required to be submitted to the EEOC by the terms of the attached "Pre-Determination Settlements" are hereby ordered to be made available to counsel for the plaintiffs upon written request served on the defendant official.

8. The County of Lake is hereby ordered to pay to the attorneys for the plaintiffs the sum of three thousand dollars ($3,000.00) in attorney fees.

9. The Court hereby retains jurisdiction of this matter for a period of eighteen (18) months.