Michael Emmett **WELLS**, Plaintiff,

v.

**UNITED STATES, et al., Defendants.**

**Civ. A. No. 81–1606.**

United States District Court,
District of Columbia.

Dec. 7, 1983.

 

Gerald C. Baker, Lanham, Md., for plaintiff.

R. Craig Lawrence, Asst. U.S. Atty., Beverly J. Burke, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

This matter comes before the Court on cross-motions for summary judgment. The Court is asked to decide whether a District of Columbia Metropolitan Police Department (MPD) requirement that all full-time police officers take and pass a physical examination to be eligible for promotion is valid as applied to a partially disabled police officer in a noncontact office duty position. Plaintiff, a former MPD police officer with a partial permanent physical disability who was assigned to a non-contract office duty position, challenges this requirement on the grounds that: (1) it constitutes a deprivation of a property right (the right to a promotion) without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution; (2) it discriminates against handicapped persons in contravention of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and (3) there is no rational basis for such a requirement as applied to non-contact duty positions. The defendants counterargue that the plaintiff has no constitutionally guaranteed right to a promotion and is not handicapped for purposes of Section 504 of the Rehabilitation Act.

Upon review of the entire record in this case the Court finds, *sua sponte*, that the plaintiff lacks the requisite standing to litigate these claims. The case is therefore dismissed and both motions for summary judgment are denied.

## I

The pertinent facts leading up to this point in the litigation may be stated briefly. Plaintiff is a former active duty police officer who, due to a gun shot wound incurred in the line of duty, has a partial permanent

disability of between 5% and 15%. *See Wells v. Police and Firefighter's R & R Bd.*, 459 A.2d 136, 137 (D.C.App.1983). As a result of this disability, and as a result of much litigation over his status, plaintiff was assigned a non-contact office duty position. Contending that the assignment was illegal, plaintiff refused to report to duty.

Plaintiff's argument, simply stated, is that he is unable to pass the MPD physical examination, a requirement for promotion, and is, as a result, *de facto* excluded from consideration for promotion. Plaintiff claims that he is constitutionally and statutorily entitled to consideration for promotion and, therefore, that this putative exclusion violates his constitutional and civil rights.

## II

■ Under the doctrine of standing, a litigant must demonstrate, *inter alia*, that he has suffered an injury-in-fact, that the challenged actions are the cause of the injury, and that the injury is likely to be redressed by a favorable decision of the court. *See, e.g., Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38–39, 96 S.Ct. 1917, 1924–1925, 48 L.Ed.2d 450 (1976); *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 152–153, 90 S.Ct. 827, 829–830, 25 L.Ed.2d 184 (1970); and *Haring v. Blumenthal*, 471 F.Supp. 1172, 1175–76 (D.D.C.1979). Plaintiff has failed to satisfy any of these requirements.

■ First and foremost, plaintiff has not demonstrated that he has suffered an injury-in-fact. While plaintiff contends that he is unable to pass the physical examination and is therefore ineligible for promotion, plaintiff has not taken the physical, has not applied for promotion, has not been denied a promotion, or been declared ineligible for promotion. Plaintiff has not even reported for duty, even though he was offered a position by the MPD and was physically able to report to duty for that position. *See* Memorandum Order filed October 15,

1982. Nor is it a foregone conclusion, as plaintiff alleges, that he would in fact fail the physical. The defendants vigorously contest such an assumption, and the medical record before the Court is inconclusive on the issue. It is clear, therefore, that plaintiff's alleged injury (denial of consideration for promotion) is at this time hypothetical and mere conjecture. The Court may not, under Article III of the United States Constitution, rule on such a hypothetical set of facts. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937); *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). The Court finds the facts of this case analogous to those in *Jackson v. Dukakis*, 526 F.2d 65 (1st Cir.1975), where the First Circuit held that the failure of the plaintiff to apply for a job with the defendant agency deprived the plaintiff of standing to sue the agency for discriminatory hiring practices. *See also Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 167, 92 S.Ct. 1965, 1968, 32 L.Ed.2d 627 (1972).

■ Secondly, plaintiff has not demonstrated a sufficient causal connection between the alleged injury (ineligibility for promotion) and the challenged action (the physical examination requirement). *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978). To be eligible for promotion, MPD police officers must, in addition to passing a physical examination, pass a written examination and an "assessment panel" evaluation. *See* MPD Circulars 82–19 and 81–64. Plaintiff has not taken these examinations, much less passed them. It is entirely possible that plaintiff would fail or do poorly on these tests—the legality of which plaintiff does not contest—and for this reason be ineligible for promotion. Plaintiff has conceded, through counsel in open court, that if he were unable to pass these tests he would have no cause of action. Consequently, it is impossible for the Court to say that the physical examination requirement would in fact cause plaintiff to be ineligible for promotion.

■ Finally, it is not apparent that a favorable ruling for the plaintiff would re-

dress the alleged injury. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38–39, 96 S.Ct. 1917, 1924–1925, 48 L.Ed.2d 450 (1976). As previously discussed, the very real possibility remains that even if the Court ruled in plaintiff's favor on the issue of the physical examination requirement, plaintiff might still fail the written examination and/or the assessment evaluation, and thus still be ineligible for promotion. In such a case the Court would have done little more than issue an advisory opinion which is prohibited under Article III of the United States Constitution. Plaintiff would be unable to take advantage of the Court's ruling in his favor.

### III

■ The aforementioned reasons for the plaintiff's lack of standing apply to both his constitutional and statutory claims. Plaintiff lacks standing to raise his statutory claim for an additional reason. According to the language of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, plaintiff has standing only if he is "otherwise qualified".* In the context of the instant case, this must mean "otherwise qualified for promotion". Since plaintiff has not even taken, much less passed, the written examination and the assessment evaluation, plaintiff has not demonstrated that he is "otherwise qualified". Therefore, plaintiff lacks standing to sue under 29 U.S.C. § 794.

The Court notes that plaintiff has now been discharged from the police force as a result of his failure to report to duty. While sympathetic with plaintiff's position, the Court observes that plaintiff could easily have reported to work and still litigated his grievances. Plaintiff would thereby have avoided discharge and possibly put himself in a better posture to raise his claims before this Court. Nor should this come as a surprise to the plaintiff. The

Court, in a Memorandum Order dated October 15, 1982, at 3, expressly stated that it saw no reason why the plaintiff could not report to work and that to do so would not prejudice plaintiff's right to argue his claims in the future. Plaintiff consciously chose to ignore the Court's suggestion. By ignoring the Court's suggestion, plaintiff has made it impossible for the Court to adjudicate his claims.

Because plaintiff lacks standing, both motions for summary judgment are denied and this case is dismissed.

An appropriate Order has been issued.

---

* 29 U.S.C. § 794 states in pertinent part:

  No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.